UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-94 |
| | ) | Judge Phillips |
| RASHAN JORDAN | ) | |

**MEMORANDUM AND ORDER**

Defendant Rashan Jordan pled guilty to failing to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. 2250(a). The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [Doc. 18]. The defendant has filed objections to three of the proposed special conditions of supervised release in paragraphs 93, 100, and 101 of the PSR [Doc. 21]. The Probation Office has responded to the objections and declined to remove the proposed special conditions [Doc. 23]. The government has responded by simply concurring in the Probation Office's analysis and further noting that the special conditions in question are not mandatory, but rather are conditioned on the discretion of the supervising Probation Officer [Doc. 24].

By way of background, defendant was convicted in the Knox County Criminal Court for attempted aggravated sexual battery for a 1998 offense at the age of 17 and he was thereafter required to register as a sex offender. The defendant has a lengthy criminal history and a history of probation revocations since that time, but he has had no further

convictions or arrests for a sex offense. In the instant case, the Knox County General Sessions Court issued warrants for the defendant in September 2015 for sex offender registry violations and community supervision violations. The defendant was ultimately located in Atlanta, Georgia in January 2016 and entered a plea to the SORNA violation on October 5, 2016.

The defendant's objections pertain to the recommended imposition of three special sex-offender supervision conditions taken from this Court's Standing Order 15-06. It is worth noting that defendant has not objected to *all* of the proposed special sex-offender supervision conditions. *See, e.g.*, PSR paragraphs 94—99, 102—103. Defendant's first objection is to paragraph 93 which recommends the imposition of special condition found in SO-15-06(1):

> The defendant shall participate in a program of sex offender mental health treatment at his/her own expense, as approved by the probation officer, until such time as he/she is discharged from treatment by the provider and as approved by the probation officer. The defendant shall comply with the policies and procedures of the treatment program. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the United States Probation Officer, and to authorize open communication between the probation officer and the treatment providers. (Any reference to the defendant paying for counseling, treatment, and/or assessments is an indication that the United States Probation Office will conduct a routine financial assessment of the defendant's ability to pay.)

[Doc. 18 at ¶ 93].

Relying on *United States v. Carter*, 463 F.3d 526 (6th Cir. 2006), and two recent cases from this District, *United States v. Curtis*, No. 2:02-CR-062, 2009 WL 211119 (E.D. Tenn. Jan. 28, 2009) (Jordan, J.), and *United States v. Tipton*, No. 3:91-CR-52-PLR-CCS,

2

Case 3:16-cr-00094-TWP-HBG   Document 25   Filed 02/15/17   Page 2 of 7   PageID #: 208

2014 WL 5089888 (E.D. Tenn. Oct. 9, 2014) (Reeves, J.), defendant argues that his prior sex offense is too remote to justify the need for this special condition. He correctly notes that the instant offense, failure to register under SORNA, is not a "sex offense" as defined in United States Sentencing Guideline ("U.S.S.G.") §5D1.2, app. n. 1. Defendant disputes the Probation Office's reasoning that sex offender treatment, designed to treat the offender's unlawful sexual proclivities, would assist him in maintaining his registration [Doc. 21 at pp. 2—4].

The Sixth Circuit set forth the following factors for consideration in imposing special conditions of supervised release:

> A sentencing court may impose a non-mandatory condition of supervised release only if it meets three requirements. First, the condition must be "reasonably related to" several sentencing factors. These factors are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." Second, the condition must "involve[] no greater deprivation of liberty than is reasonably necessary for" several sentencing purposes. These purposes are "to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." Third, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission." Because they are written in the conjunctive, a condition must satisfy all three requirements. However, a condition need not satisfy every single factor and purpose within each of the first two requirements.

*United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006) (citations omitted).

3

In *Carter*, the defendant pled guilty in 2001 to being a felon in possession of a firearm. In 2005, the district court added a supervised release condition pertaining to sex offenders. Carter's criminal history included 1988 convictions for rape and assault with intent to commit rape, along with a 2004 stalking conviction. The Sixth Circuit concluded that the 1988 convictions were too remote in time to justify the 2005 imposition of a sex-offender-treatment condition. *Id.* at 532. Carter's case was remanded for the district court to determine whether the 2004 stalking offense was sufficiently sexual in nature to justify imposition of the special condition. *Id.* at 533.

*Carter* did not, however, "decide precisely how much time must elapse before a sex offense becomes too remote in time to be reasonably related to a sex-offender condition." *Id.* at 532. Subsequently, the Sixth Circuit has affirmed the imposition of sex-offender conditions based on multiple sex offenses occurring as recently as 12 years prior. *See United States v. Brogdon*, 503 F.3d 555, 565 (6th Cir. 2007). In the 2006 case of *United States v. Perkins*, 207 F. App'x 559, the Sixth Circuit upheld a sex-offender-treatment condition in light of a 1995 sex offense conviction, a 1994 assault conviction, and older assault *charges*. *Id.* at 562.

In addressing the nature and circumstances of the instant offense, the defendant correctly notes that his failure to register as a sex offender is not a "sex offense" as defined by U.S.S.G. §5D1.2, app. n. 1. Although the defendant has a prior conviction for a sex offense, this offense occurred nearly 20 years ago when defendant was 17 years of age. It will be even more remote after he serves a term of imprisonment for the instant offense. While the defendant has had numerous arrests and convictions in the interim, none of the

4

those involve sex offenses. The Probation Office has provided no information that defendant is likely to reoffend by committing a sex offense or that he presents a continuing risk as a sexual predator. Rather, the risk is that he may abscond from supervision again and/or fail to register as a sex offender in the appropriate jurisdiction. The proposed special condition requiring sex offender mental health treatment does nothing to alleviate that risk. *See United States v. Kelly*, 630 F. App'x 416, 422 (6th Cir. 2015). Thus, the proposed special condition does not seem likely "to serve the goals of deterrence or public safety, since the behavior on which the special condition … [is] based, though highly reprehensible, has ceased." *Carter*, 463 F.3d at 531 (quoting *United States v. Scott*, 270 F.3d 632, 636 (8th Cir. 2001)). Accordingly, the Court finds that this proposed special condition of supervision is not reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a) and the defendant's objection to paragraph 93 is **SUSTAINED**.

Defendant also objects to PSR paragraph 100 which proposes the following special condition found in SO-15-06(8): "The defendant shall submit to psychosexual assessment at his/her own expense, as directed by the probation officer" [Doc. 18 at ¶ 100]. Defendant particularly objects to any requirement for plethysmograph testing as unreliable and highly invasive [Doc. 21 at pp. 4—6].

The Probation Office notes that a psychosexual assessment and/or plethysmograph examination are tools to assist in the identification of triggers for reoffending and to hold the defendant accountable for any current behavior [Doc. 23]. However, the current behavior is failure to register as a sex offender, not any current sex offense. While the Probation Office is correct that the defendant's probation for the sex offense was revoked

5

in 2006 and that he has a number of convictions in the interim, there is no indication that his proclivity to continue to break the law demonstrates a likelihood that he will commit another sex offense. The Court further agrees with the defendant that a psychosexual assessment and/or plethysmograph examination present a greater deprivation of liberty than is reasonably necessary for the purposes relevant to § 3553(a). Accordingly, the defendant's objection to paragraph 100 is **SUSTAINED**.

Defendant's third objection is to PSR paragraph 101 which proposes the following special condition found in SO-15-06(9): "The defendant shall submit to polygraph testing at his/her own expense, as directed by the probation officer, in order to determine if he/she is in compliance with the conditions of supervision, or to facilitate sex offender treatment. The defendant shall be truthful during polygraph evaluations" [Doc. 18 at ¶ 101]. The defendant relies on his previous arguments and further notes that polygraph evidence is disfavored as unreliable in the Sixth Circuit. Thus, defendant argues that significant liberty interests are at stake when the results of an unreliable polygraph examination could cause his supervision to be revoked [Doc. 21 at pp. 6—7].

As with the previous objections, the Probation Office responds that a polygraph examination is a tool to identify defendant's triggers for reoffending and to hold him accountable for his current behavior [Doc. 23]. However, as the Court has previously noted, the defendant's current behavior is not a sex offense and there is no indication that a polygraph examination would keep him in compliance with his registration requirement. The Court finds that this proposed condition is not reasonably related to the § 3553(a)

6

factors and that it involves a greater deprivation of liberty than is necessary. Accordingly, the objection to PSR paragraph 101 is **SUSTAINED**.

For the reasons set forth herein, the defendant's objections [Doc. 21] to PSR paragraphs 93, 100, 101 are **SUSTAINED** and those conditions of supervision will not be imposed. Sentencing remains set for March 1, 2017, at 2:00 p.m. in Knoxville.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE